IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

ABX AIR, INC., :
:
      Plaintiff, :
:
v. : CASE NO. 1:16-CV-1096
:
INTERNATIONAL BROTHERHOOD OF : JUDGE BLACK
TEAMSTERS, AIRLINE DIVISION, et al., :
:
      Defendants. :
:
:

### DECLARATION OF DOUGLAS TURNER

The following declaration is made pursuant to 28 U.S.C. § 1746:

I, DOUGLAS TURNER, declare that I am over the age of 18 years; I have personal knowledge of the following facts; and, that I can testify to these facts if called upon to do so.

1. I am employed by ABX Air, Inc., (ABX" or "the Company") as a Boeing 767 First Officer and have been employed by ABX or one of its predecessor companies July 22, 1998.

2. I served as a steward on behalf of the Airline Professionals Association, Teamsters Local Union No. 1224, ("Local 1224" or "the Union") for approximately four (4) years, served on the Local Union Executive Board for six (6) years. I currently am a member of the Union's Executive Council ("ExCo") for the unit of crewmembers employed at ABX.

3. I was a member of the Union's negotiating committee for the 2010 contract and serve on the current negotiating committee. I am familiar with the provisions of Article 13 Scheduling, including the provisions governing day-night transitions and D 6 days.

4. As a member of the EXCO I am frequently called upon to provide information and advice to the Union's Scheduling Committee members.

5. Day-night transitions issues with certain trip pairings had been raised by the Union's Scheduling Committee members many times in 2016. In some instances the EXCO agreed to waivers provided there were changes made to mitigate fatigue which occurs when a Crewmember's schedule changes from day to night time operations.

6. On October 4, 2016, the Union Scheduling Committee pointed out to the Company that there were trips that violated the day-night transition restrictions. The Committee members proposed ways to mitigate the fatigue caused by the transitions.

7. On October 4, 2016 the Union Scheduling Committee again objected to day-night transition violations and made a more detailed proposal to alleviate fatigue. For example, one of the problems identified was that Crewmembers would be required to be on duty for up to seventeen (17) hours without the opportunity to have a meal because restaurants were not open in the locations where the planes landed and later departed. The Union proposed that the Company provide catering in sufficient quantity to alleviate that problem.

8. I attended the meeting on November 18, 2016 in Washington D.C. The Company maintained that one trip that violated the day-night transition restriction could not be modified with an R 4 to bring it in compliance. Ms. Nowel, who participated in the meeting telephonically, read the minutes of the Scheduling Committee meeting conducted on November 3, 2016 to demonstrate that the issue had been raised and that the Union had proposed a solution to mitigate the fatigue caused by the day-night transition.

9. The Company claimed that no Crewmember had been denied D 6 days, and I told them that I had been denied such days as had other Crewmembers. I explained to the Company that the scheduling system only works if the Company has enough Crewmembers, and that it had purposely understaffed the airline, which created this cascade of problems in covering trips.

I have read the foregoing declaration and declare under penalty of perjury, under the laws of the United States, that its contents are true and correct to the best of my knowledge.

_____
Douglas Turner

November 23, 2016
_____
Date